UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONA S. MURILLO, CDCR #P-43503,<br><br>　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>CDCR, et al.,<br><br>　　　　　　　　Defendants. | Case No.: 3:23-cv-01581-RBM-MSB<br><br>**ORDER:**<br><br>**(1) DISMISSING ALL CLAIMS AGAINST DEFENDANTS McVAY, CDCR MEDICAL DEPARTMENT, CAL. CORR. HEALTH CARE SERVICES, MADDEN, BLAISDELL, REYES, CAMPBELL, AND JOHN DOES 1-10**<br><br>**AND**<br><br>**(2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE UPON DEFENDANTS CDCR, R. LOPEZ, AND CALIFORNIA PRISON AUTHORITY PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)** |

　　　Plaintiff Mona Murillo, currently incarcerated at R.J. Donovan Correctional Facility ("RJD") in San Diego, California, is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. (*See* Doc. 1.) In her Complaint, Plaintiff alleges Defendants

CDCR, CDCR Medical Department, California Correctional Health Care Services, RJD Wardens McVay and Madden, RJD's Chief Doctor Blaisdell, Associate Warden/ADA Coordinator A. Reyes, Health Care Compliance Analyst B. Campbell, Correctional Officer R. Lopez, the California Prison Authority ("CALPIA"), and John Does 1–10, all violated her rights to adequate medical care under the Eighth Amendment, her First Amendment right to be free from retaliation, and her rights under Title II of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("§ 504") by refusing to accommodate her disabilities.  (*See* Doc. No. 1-2 at 2–3, 5, 8–19.)

## I.   BACKGROUND

On July 15, 2024, the Court granted Plaintiff's motion to proceed in forma pauperis ("IFP"), denied her motion to expedite, request for judicial notice, and motion for a temporary restraining order, conducted an initial screening of the Complaint as required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and dismissed some, but not all of her claims.  (*See* Doc. 7.)  Specifically, the Court dismissed Plaintiff's Eighth Amendment claims as to all Defendants, and dismissed her ADA and § 504 claims against Defendant Reyes for failing to state a claim upon which relief may be granted.  (*Id.* at 6–11, 16.)  The Court further found, however, that Plaintiff's ADA and § 504 claims against the CDCR and CALPIA, as well as her First Amendment retaliation claims against Defendant R. Lopez were pleaded sufficiently to survive the "low threshold" set for initial screening.  (*Id.* at 11, 13; *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).)  The Court granted Plaintiff 45 days to either: (1) file a First Amended Complaint addressing all the deficiencies of pleading outlined in its dismissal order, *or* (2) notify the Court of her intent to instead to proceed with her First Amendment retaliation claim against Defendant R. Lopez and her ADA and § 504 claims against Defendants CDCR and CALPIA *only*.  (*Id.* at 16.)  The Court specifically cautioned that should Plaintiff choose the latter option, it would dismiss all remaining Defendants and claims, but would authorize U.S. Marshal service upon Defendants R. Lopez, CDCR, and CALPIA.  (*Id.*)

On July 22, 2024, Plaintiff filed a Notice of Intent to Proceed with her First Amendment retaliation claim against Defendant Lopez and her ADA and § 504 claims against Defendants CDCR and CALPIA only. (Doc. 8.)

## II. CONCLUSION AND ORDERS

Accordingly, the Court:

1) **DISMISSES** all claims against Defendants M. McVay, CDCR Medical Department, Cal. Corr. Health Care Services, Raymond Madden, Blaisdell, A. Reyes, B. Campbell, and John Does 1–10 pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) and **DIRECTS** the Clerk of Court to terminate these Defendants as parties to this action.

2) **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (Doc. 1) upon Defendants CDCR, R. LOPEZ, and CALIFORNIA PRISON AUTHORITY and forward it to Plaintiff along with three blank U.S. Marshal Form 285s. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, the Court's July 15, 2024 Order granting leave to proceed IFP (Doc. 7), four certified copies of her Complaint, and the summons so that she may serve them upon Defendants CDCR, R. LOPEZ, and the CALIFORNIA PRISON AUTHORITY. Upon receipt of this "IFP Package," Plaintiff must complete the USM Form 285s as completely and accurately as possible, include addresses where each of these three Defendants may be found and/or subject to service pursuant to S.D. Cal. CivLR 4.1c., and return them to the U.S. Marshal according to the instructions the Clerk provides.

3) **ORDERS** the U.S. Marshal to serve a copy of Plaintiff's Complaint (Doc. 1) and summons upon Defendants CDCR, R. LOPEZ, and CALIFORNIA PRISON AUTHORITY at the addresses provided by Plaintiff on the USM Form 285s provided, and to file an executed waiver of personal service upon all three of these Defendants with the Clerk of Court as soon as possible after their return. Should Defendants CDCR, R. LOPEZ, or the CALIFORNIA PRISON AUTHORITY fail to return the U.S. Marshal's request for waiver of personal service within 90 days, the U.S. Marshal must instead file the completed Form USM 285 Process Receipt and Return with the Clerk of Court, include the date the

1  summons, Complaint and request for waiver was mailed to each of these Defendants, and
2  indicate why service remains unexecuted.  All costs of service will be advanced by the
3  United States; however, if Defendants CDCR, R. LOPEZ, or the CALIFORNIA PRISON
4  AUTHORITY are located within the United States, and fail without good cause to sign and
5  return the waiver requested by the Marshal on Plaintiff's behalf, the Court will impose
6  upon each of them any expenses later incurred in making personal service.  *See* 28 U.S.C.
7  § 1915(d); Fed. R. Civ. P. 4(c)(3).

8        4)    **ORDERS** Defendants CDCR, R. LOPEZ, and the CALIFORNIA PRISON
9  AUTHORITY, once served, to reply to the claims found sufficient to survive screening in
10 Plaintiff's Complaint, *and any subsequent pleading Plaintiff may file in this matter in*
11 *which they are named as parties*, within the time provided by the applicable provisions of
12 Federal Rule of Civil Procedure 12(a) and 15(a)(3).  *See* 42 U.S.C. § 1997e(g)(2) (while a
13 defendant may occasionally be permitted to "waive the right to reply to any action brought
14 by a prisoner confined in any jail, prison, or other correctional facility under section 1983,"
15 once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. §§ 1915(e)(2)
16 and 1915A(b), and thus, has made a preliminary determination based on the face of the
17 pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits,"
18 defendants are required to respond).

19       5)    **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to
20 serve upon Defendants CDCR, R. LOPEZ, and the CALIFORNIA PRISON
21 AUTHORITY, or if appearance has been entered by counsel, upon Defendants' counsel, a
22 copy of every further pleading, motion, or other document submitted for the Court's
23 consideration pursuant to Fed. R. Civ. P. 5(b).  Plaintiff must include with every original
24 document she seeks to file with the Clerk of the Court, a certificate stating the manner in
25 which a true and correct copy of that document has been was served on Defendants or their
26 counsel, and the date of that service.  *See* S.D. Cal. CivLR 5.2.
27 / / /
28 / / /

1  Any document received by the Court which has not been properly filed with the
2  Clerk or which fails to include proof of service upon the Defendants, or their counsel, may
3  be disregarded.
4  **IT IS SO ORDERED.**
5  Dated:  August 7, 2024

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE